## GREENBERG *v.* SEEGER.

SPECIFIC PERFORMANCE—PAYMENT OF BALANCE DUE OUT OF INSURANCE MONEY ENTITLES VENDEE TO DEED.

> Where, in a suit by the vendee for the specific performance of a land contract, the proofs show that insurance money was paid to the vendor, as provided for in the contract, sufficient to pay the amount due, and was not used to rebuild, plaintiff is entitled to a decree, in the absence of a showing of other dealings between the parties to which the money might have been applied.

Appeal from Montcalm; Hawley (Royal A.), J.

Specific Performance, 36 Cyc. p. 697.

Submitted January 12, 1927.     (Docket No. 70.)     Decided April 1, 1927.

Bill by Henry Greenberg against William Seeger and others for specific performance of a land contract. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

*Griswold & Ganton,* for plaintiff.

*D. Hale Brake,* for defendants.

WIEST, J.     This is a bill for specific performance of a land contract, brought against the administrator and heirs at law of the estate of Albert Seeger, deceased.     In the circuit the bill was dismissed and plaintiff appealed.     The contract was executed April 15, 1921, for a lot and store building in the village of Coral, Montcalm county.     Plaintiff, vendee, agreed to pay Albert Seeger, vendor, $1,000 for the premises and to:

"keep all buildings now on, or that may hereafter be placed on said premises, insured in the name of, and in manner and amount and by insurers approved by, first party, and leave the policy with first party, and in case of loss, the insurance, unless by mutual agreement used to repair or rebuild, shall be paid to first party and be indorsed on this contract to the extent of the amount unpaid thereon, and the balance, if any, shall belong and be paid to second party."

The vendee procured insurance upon the building and also his stock in trade therein.     The building and plaintiff's stock in trade were destroyed by fire on the 16th day of November, 1921, and thereafter the loss upon the building was adjusted at the sum of $998.56.     This sum, together with the adjusted loss upon plaintiff's stock in trade, was deposited in the bank at Coral and plaintiff obtained a certificate of deposit for $1,200, December 21, 1921, indorsed the

certificate to his vendor who obtained the money thereon from the bank December 24, 1921. This sum, if credited on the land contract, paid the amount due, and plaintiff claims it should have been so credited and a deed given him, but the vendor was his uncle and the matter of a deed was not pressed. The vendor died December 15, 1924. Defendants claim that, by agreement between the vendor and plaintiff, the money was not paid on the contract but upon other financial dealings between the parties. The main evidence in support of this claim is that plaintiff paid interest upon the land contract after the insurance money was paid to the vendor. This payment of interest was denied by plaintiff. If interest was paid as claimed, it is quite persuasive that application of the insurance money was not made on the land contract, but to make it appear clearly so and to avoid the contract provision with reference to the application of the insurance money, there should have been at least some showing of other dealings to which the money was, by agreement, applied.

Plaintiff showed payment of the insurance money to the vendor in accordance with the terms of the land contract, and denied any other application or occasion for application, and defendants failed to show any dealings authorizing a different application. In the absence of such a showing, we think the contract, with reference to the payment of the insurance money, guides decision, and plaintiff is entitled to a deed. Since the fire the lot, worth about $150, has remained vacant, so the insurance money was not used to rebuild.

The decree in the circuit is reversed, and a decree will be entered in this court granting plaintiff specific performance, with costs.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.